H. WARD LEONARD, Inc., v. MAXWELL MOTOR SALES CO.

(Circuit Court of Appeals, Second Circuit. November 9, 1917.)

APPEAL AND ERROR ⨺71(3)—FINAL JUDGMENT—WHAT CONSTITUTES.

An order suspending an interlocutory injunction pending appeal, which required defendant to file a bond conditioned to pay plaintiff in event of dismissal of the appeal, or affirmance of the decree, certain specified sums, is not a final determination of defendant's right, since no action is possible under the order of suspension until the appeal from the interlocutory decree is decided, and so the appeal therefrom should be dismissed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by H. Ward Leonard, Incorporated, against the Maxwell Motor Sales Company. From an order suspending an interlocutory decree, defendant appeals. On motion to dismiss. Appeal dismissed.

Motion by the appellee to dismiss an appeal. The plaintiff secured an interlocutory decree upon a patent and the defendant asked for a suspension of the injunction pending an appeal. The District Court suspended the injunction on the following terms:

"(1) That within five days from the date hereof the defendant file a bond with sufficient sureties to be approved by plaintiff's counsel or the clerk of this court, in the sum of five thousand ($5,000) dollars, conditioned to pay to the plaintiff in the event of the dismissal of the said appeal by the said Circuit Court of Appeals, or in the event of the affirmance of the said decree by the said court, or in the event of failure by the defendant to take an appeal from the said decree within 30 days herefrom, five ($5) dollars for each apparatus shipped or delivered by the defendant, subsequent to and including the date hereof and prior to the issuance of the mandate of said Circuit Court of Appeals, which embodies or contains or is adapted to practice the invention of letters patent No. 1,122,774, as to claims 2, 3, 4, 9, 10, 11, 16, 21, 22, and 24 thereof, and letters patent No. 1,157,011, as to claims 1, 4, 5, 6, 7, 8, 9, 10, and 12 thereof or any of said claims. If the said money is paid as a result of the dismissal of an appeal or an affirmance of the said decree, the defendant shall pay the total amount due as a result of this suspension upon the issuance of the mandate of the Circuit Court of Appeals; otherwise, the clerk of this court is directed to enter judgment for the said amount in favor of the plaintiff and against the defendant.

"(2) That the defendant shall on the 1st day of November, 1917, file with the plaintiff's solicitors a list showing the number of all cars and apparatus embodying the said inventions of said claims, or either of them, sold, shipped, or delivered by it, on or after the date hereof, and up to and including said 1st day of November, 1917, and shall likewise file on the 1st day of each succeeding month while this order is in force, similar lists covering sales, deliveries, and shipments during the preceding calendar month.

"It is further ordered that nothing herein is to be construed as suggesting

---

or passing upon the measure of damages or the rule of profits here applicable, either in favor of or against either of the parties hereto.

"This order of suspension is upon condition that defendant shall take its appeal within thirty days from the entry of the interlocutory decree awarding injunction herein, and that it shall perfect its appeal and claim preference for the same in strict accordance with the law and the rule of the Circuit Court of Appeals for the Second Circuit."

The defendant gave the required bond under protest and then appealed from the order of suspension.

Clifton V. Edwards, of New York City, for the motion.

Drury W. Cooper, of New York City, opposed.

Before ROGERS, Circuit Judge, and LEARNED HAND and MAYER, District Judges.

LEARNED HAND, District Judge (after stating the facts as above). It seems to us clear that the order is not a final determination of the defendant's right, since no action is possible under it until the appeal from the interlocutory decree shall have been decided. If that decree is reversed, there can be no recovery upon the bond, or upon any judgment entered in excess of the bond. The defendant was called upon, it is true, to decide whether it should give the bond or suffer the injunction; but the bond itself as an obligation was contingent upon the affirmance of the decree upon which it depended. We express no opinion upon whether or not the order is appealable after the decree is affirmed, if it be affirmed; this decision does not preclude such an appeal.

Assuming the defendant may then appeal we do not see that its case is a hard one. It can be called upon to pay no money until the interlocutory decree for injunction is affirmed, if it is. It will then be subject to judgment upon the bond and perhaps beyond that amount, but by giving security it may stay execution pending an appeal. Upon such an appeal it can review the ad interim liquidation of profits and secure a modification if proper, or it can urge that the court's power was limited to requiring a supersedeas bond. All that it must now do irrevocably is to file a bond for $5,000, and make monthly reports. The first is a general condition of all appeals; the second is no hardship.

The appeal is dismissed.